**In re: Fred L. DITTER, Sandra L. Ditter, and Fred Ditter & Associates, Debtors.**

**Harold Greenberg, dba Law Firm of Harold Greenberg, Michael Damsky, and Rosanne M. Guagenti; Guagenti & Damsky, Appellants,**

v.

**Fred L. Ditter; Sandra L. Ditter; Fred Ditter & Associates; Michael S. Kogan, Chapter 7 Trustee, Appellees.**

No. 00–55276.
BAP No. CC–98–01565–CMeB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 9, 2001.

Decided July 12, 2001.

Before HUG, GRABER, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Harold Greenberg and his law firm (Appellants) appeal from the decision of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's dismissal of Fred L. Ditter, Sandra L. Ditter, and Fred Ditter & Associates' (Debtors) Chapter 7 bankruptcy petition. We affirm.

We review for abuse of discretion the bankruptcy court's grant of a voluntary motion for dismissal. *Schroeder v. Int'l Airport Inn P'ship (In re Int'l Airport Inn P'ship)*, 517 F.2d 510, 511 (9th Cir. 1975); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir.BAP 1981). A voluntary dismissal is proper unless it results in "plain legal prejudice" to the creditors. *Id.* (citing *Int'l Airport*, 517 F.2d at 512).

The bankruptcy court correctly determined that there was cause for dismissal, as required by 11 U.S.C. § 707(a). It found that the bankruptcy case no longer served a purpose because (1) the estate's assets had been depleted and (2) Debtors' Chapter 7 discharge had been revoked. Those findings are supported by the record.

Furthermore, the bankruptcy court correctly concluded that Appellants had not established that they would suffer "plain legal prejudice" as a result of the dismissal. Appellants contend that the dismissal prejudiced them in three ways. It caused them to lose "a bargained for settlement"; to lose $40,000; and to be subject to future litigation. Those factors do not establish plain legal prejudice. The settlement agreement was never approved by the bankruptcy court, so Appellants did not lose a benefit to which they had become entitled. Appellants lost the $40,000, not as a result of the dismissal, but because (for unrelated reasons) they waived their right to recover it. Indeed, Appellants have "lost" the $40,000 only if they are still before the bankruptcy court; the parties agree that Appellants will be given a credit of $40,000 against any amount awarded as a result of a state-court settlement or judgment. Finally, the fact that Appellants may face future litigation because the dismissal has left the malpractice claim unresolved does not constitute plain legal prejudice. *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir.1996).

In short, cause existed for the dismissal of the case and the dismissal did not subject Appellants to plain legal prejudice. Therefore, the bankruptcy court did not abuse its discretion by dismissing the case.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.